U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT 2021 MAR 26 AM 11: 32

CLERK

| | | |
|---|---|---|
| BETH BARAS, | ) | CASE NO: BY _____ KP |
|     Plaintiff, | ) | DEPUTY CLERK |
| | ) | 2:21-CV-98 |
|     v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| THE WOODSTOCK FARMERS' | ) | |
| MARKET, INC. | ) | |
|     Defendant. | ) | |

## CIVIL COMPLAINT

Plaintiff, Beth Baras, by and through her attorneys, Marilyn A. Mahusky and

Charles Becker, Staff Attorneys, and the Disability Law Project of Vermont Legal Aid,

Inc., complains of Defendant, The Woodstock Farmers' Market, Inc., as follows:

## INTRODUCTION

1.  Beth Baras is a person who enjoys working, despite disabilities connected to her

    low-back and left shoulder that cause pain and stiffness. In February 2018,

    coming off of seasonal work in a retail clothing store, she applied for a full-time

    position with benefits at the Woodstock Farmers' Market (WFM) in their

    Woodstock location. She had worked as a deli clerk in the past and enjoyed the

    work. An offer of employment was made after two interviews and a two-hour job

    shadowing with a current WFM deli clerk. After accepting the offer and before

    starting work, Ms. Baras disclosed she had a disability and requested two modest

    reasonable accommodations: (1) permission to bring an ice pack to work, keep it

    cool, and wear it under her clothing several times a day; and (2) an additional 10-

    minute break during an 8- hour shift to stretch and rest her feet, when business

    needs permitted. Without any inquiry as to the nature of her disability or

**Vermont Legal Aid**
56 Main Street Suite 301
Springfield, VT 05156
(802) 885-5181
springmail@vtlegalaid.org

1

discussion about her requested accommodations, WFM quickly withdrew its offer of employment in violation of Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 et seq., and Vermont's Fair Employment Practices Act (FEPA), 21 V.S.A. §§ 495 et seq., which prohibits discrimination based on disability or perceptions about disability. Ms. Baras filed a complaint of discrimination with the Vermont Attorney General's Office Civil Rights Unit (CRU) and the Equal Employment Opportunity Commission (EEOC).  On December 2, 2020, the CRU issued a Charge of Discrimination against WFM, finding sufficient evidence that WFM had discriminated against Ms. Baras because of her disability. The parties were unable to resolve the dispute through a post-finding mediation. Thus, this civil complaint and demand for jury trial ensues.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3) in that Ms. Baras' claims involve a federal question under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

3. This Court has supplemental jurisdiction over Ms. Baras' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Vermont.

5. All conditions precedent to suit have been met. Ms. Baras timely filed a complaint of employment discrimination with the Vermont Attorney General's Civil Rights

**Vermont Legal Aid**
56 Main Street Suite 301
Springfield, VT 05156
(802) 885-5181
springmail@vtlegalaid.org

Unit (CRU) on or about April 1, 2018. The CRU is a deferral agency for the U.S. Equal Employment Opportunity Commission (EEOC).

6. The CRU formally issued a Charge of Employment Discrimination to the Woodstock Farmers' Market on or about July 2, 2018. A true and exact copy of the CRU Charge is attached as Exhibit A.

7. The CRU concluded its investigation of Ms. Baras' Charge on or about December 2, 2020 and determined that employment discrimination likely occurred. A true and exact copy of the CRU's determination is attached as Exhibit B.

8. The CRU notified EEOC of its findings and requested a Notice of Right to Sue, which the EEOC issued on or about March 17, 2021. A true and correct copy of the EEOC's Notice of Right to Sue is attached as Exhibit C.

9. This complaint was timely filed within 90 days of Plaintiff's receipt of the Notice of Right to Sue.

**PARTIES**

10. Plaintiff Beth Baras is a resident of the town of Norwich, in Windsor County, Vermont.

11. At all times relevant to this complaint, Ms. Baras was a qualified person with a disability within the meaning of Title I of the ADA and as defined by FEPA.

12. The Woodstock Farmers' Market, Inc. (WFM) is a Vermont corporation registered to do business in Vermont and operates a retail food market located at 979 West Woodstock Road, Woodstock, VT 05091.

13. At all times relevant to this Complaint, WFM has been an employer within the meaning of the ADA, as it has been engaged in an industry affecting commerce

**Vermont Legal Aid**
56 Main Street Suite 301
Springfield, VT 05156
(802) 885-5181
springmail@vtlegalaid.org

3

and employed 15 or more persons, and as defined by FEPA, in that it is a

corporation doing business with the state of Vermont.

## MATERIAL FACTS

14. In 2008, Ms. Baras began experiencing low back pain. Doctors later diagnosed

    her with osteoarthritis and other degenerative disk conditions affecting the lumbar

    region of her spine.

15. In 2014, Ms. Baras sustained an injury to her left shoulder. She underwent surgery

    in that to year to address the injury and to restore functioning to her left shoulder

    and arm.

16. Ms. Baras' low back and shoulder conditions substantially limit her range of

    movement, musculoskeletal function, and ability to perform manual tasks.

17. By engaging in physical therapy and exercise as recommended by her physician,

    Ms. Baras is able to manage her conditions.

18. In February 2018, Ms. Baras applied for a full-time position in the deli

    department at Defendant's Woodstock location.

19. Defendant's Culinary Manager, Brandon Little, and then-Deli Manager, Wendy

    Herbert, interviewed Ms. Baras for the deli associate position on February 27,

    2018.

20. The first interview was generally satisfactory.

21. Defendant invited Ms. Baras to participate in a second interview for the deli

    associate position, which took place on March 20, 2018.

22. The second interview consisted of a brief meeting between Ms. Baras and a

    representative from Defendant's Human Resources Department and an

approximately two-hour job shadow in which Ms. Baras worked in the deli department under the supervision of Defendant's employees.

23. Ms. Baras' second interview and job shadow did not raise any concerns for Defendant.

24. The next day, March 21, 2018, Defendant offered Ms. Baras the deli associate position by email.

25. Ms. Baras accepted Defendant's offer of employment by email the same day it was offered to her.

26. On March 23, 2018, prior to commencing work, Ms. Baras notified Defendant's Human Resources Manager, Jen Anderson, of her disability and need for reasonable accommodations.

27. Ms. Baras asked Defendant for two reasonable accommodations: (1) that she be allowed to bring an ice pack to work, keep it cold, and wear it under her clothing several times a day; and (2) that she be allowed an additional 10-minute break when business was slow to stretch and put her feet up.

28. In communicating with the Human Resources Manager, Ms. Baras stated her belief that the accommodations would not interfere with the workflow of the deli department and signaled her willingness to engage in a dialogue with Defendant regarding the specific accommodations.

29. Defendant did not engage in any interactive process; it did not ask Ms. Baras for any additional information relating to her disability or need for reasonable accommodations.

Vermont Legal Aid
56 Main Street Suite 301
Springfield, VT 05156
(802) 885-5181
springmail@vtlegalaid.org

30. Instead, on March 28, 2018, Defendant's Human Resources Manager, Ms. Anderson, replied to Ms. Baras' email requesting reasonable accommodations and withdrew her offer of employment.

31. In her email to Ms. Baras, Ms. Anderson stated "due to the demands and nature of the job, we are not able to makes these types of accommodations for you in the deli position."

32. Defendant's decision to rescind the offer of employment to Ms. Baras was directly in response to her disclosure that she had a disability and needed accommodations.

33. When Defendant rescinded Ms. Baras' job offer, it did so without engaging in any interactive process to discuss Ms. Baras' requested accommodations or to brainstorm about any possible alternatives, including accommodations that had proven effective for her in the past.

34. Defendant rescinded Ms. Baras' job offer because of its assumptions about Ms. Baras' disability, her need for accommodations, and her ability to perform the essential functions of the deli associate position.

35. Defendant did not attempt to work with Ms. Baras to see if the requested accommodations were practicable.

36. Despite hiring Ms. Baras for the deli associate position, Defendant did not allow Ms. Baras to demonstrate that she could perform the essential functions of the job with or without reasonable accommodations.

37. Ms. Baras emailed a complaint of employment discrimination to the Vermont Attorney General's Civil Rights Unit on or about April 1, 2018.

Vermont Legal Aid
56 Main Street Suite 301
Springfield, VT 05156
(802) 885-5181
springmail@vtlegalaid.org

38. Based on Ms. Baras' statements, the CRU issued a charge of employment discrimination to Defendant in July 2018.

39. Defendant responded to the charge through counsel in September 2018, denying having engaged in employment discrimination.

40. In its September 2018 Response, Defendant admitted withdrawing its job offer to Ms. Baras in response to her requesting accommodations.

41. The CRU investigated the charge of employment discrimination by reviewing documents and conducting interviews of Ms. Baras, Defendant's former Deli Manager, Wendy Herbert, and Defendant's Culinary Director, Brandon Little.

42. On December 2, 2020, the Civil Rights Unit concluded its investigation finding sufficient evidence to show that Defendant discriminated against Ms. Baras because of her disability.

## CLAIMS

### Count I: Violation of the Americans with Disabilities Act

43. Ms. Baras repeats and realleges the allegations made in each of the previous paragraphs.

44. The Americans with Disabilities Act (ADA) makes it unlawful for an employer to discriminate against qualified persons with disabilities in the terms and conditions of employment, including hiring.

45. Ms. Baras is a person with a disability under the ADA because the osteoarthritis and other degenerative disk conditions in her low back and the injury to her left shoulder substantially limit one or more major life activities including her movement, musculoskeletal function, and ability to perform manual tasks.

Vermont Legal Aid
56 Main Street Suite 301
Springfield, VT 05156
(802) 885-5181
springmail@vtlegalaid.org

46. Ms. Baras is a person with a disability because Defendant regarded Ms. Baras as having an impairment. In particular, Defendant perceived that Ms. Baras suffered from an inflammatory condition provoked by physical exertion.

47. At all times relevant to this complaint, Ms. Baras was a qualified person with a disability because she had the requisite skill and experience to work in Defendant's deli department. She was capable of performing the essential functions of the deli associate position with or without reasonable accommodation as demonstrated by her previous employment and by Defendant's decision to hire her.

48. Defendant discriminated against Ms. Baras in violation of the ADA when it:

    a.   rescinded its offer of employment to Ms. Baras in direct response to her disclosing that she had disability and requesting reasonable accommodations;

    b.   failed to make an individualized assessment of Ms. Baras' ability to safely perform the essential functions of the job;

    c.   failed to engage in a dialogue with Ms. Baras about her disability, whether her requested accommodations were reasonable and necessary for her to perform the essential functions of the job, and whether alternative, effective accommodations existed.

49. The above-described unlawful employment actions were intentional, and Defendant acted with reckless indifference to Ms. Baras' federally protected rights.

**Vermont Legal Aid**
56 Main Street Suite 301
Springfield, VT 05156
(802) 885-5181
springmail@vtlegalaid.org

50. As a result of Defendant's unlawful actions, Ms. Baras suffered injuries including, but not limited to, lost wages and emotional distress.

**Count II: Violation of Vermont's Fair Employment Practices Act**

51. Ms. Baras repeats and realleges the allegations made in each of the previous paragraphs.

52. Vermont's Fair Employment Practices Act (FEPA) makes it illegal for employers to discriminate against qualified persons with disabilities.

53. Defendant is an employer as defined by FEPA in that WFM is a corporation conducting business in the State of Vermont.

54. Ms. Baras is an individual with a disability as defined by FEPA in that her low back and shoulder conditions substantially limit one or more major life activities.

55. Ms. Baras is an individual with a disability as defined by FEPA in that Defendant regarded her as having a disability.

56. At all times relevant to this complaint, Ms. Baras was a qualified individual with a disability in that she was capable of performing the essential functions of the job of deli associate with or without reasonable accommodations as demonstrated by her prior employment and by Defendant's decision to hire her.

57. Defendant discriminated against Ms. Baras in violation of FEPA when it rescinded its offer of employment to Ms. Baras in direct response to her disclosing that she had a disability and requesting reasonable accommodations and based solely on its employees' perceptions and assumptions about how Ms. Baras' disability would affect her ability to perform the essential functions of the deli associate position.

Vermont Legal Aid
56 Main Street Suite 301
Springfield, VT 05156
(802) 885-5181
springmail@vtlegalaid.org

9

58. As a result of Defendant's unlawful actions, Ms. Baras suffered injuries including, but not limited to, lost wages and emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Beth Baras seeks the following relief:

a)  reasonable and fair compensation for economic losses;

b)  reasonable and fair compensation for emotional harm;

c)  attorney's fees;

d)  costs;

e)  punitive damages; and

f)  such further relief as is deemed fair and just by the court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated in Springfield, Vermont, this 26th day of March 2021.

By:   Marilyn A. Mahusky
Staff Attorney
Vermont Legal Aid, Inc.
(802) 885-5181
mmahusky@vtlegalaid.org

**Vermont Legal Aid**
56 Main Street Suite 301
Springfield, VT 05156
(802) 885-5181
springmail@vtlegalaid.org